1    **WO**

2

3

4

5

6    ### IN THE UNITED STATES DISTRICT COURT

7    ### FOR THE DISTRICT OF ARIZONA

8

9    Kevin Hutson**,**                                  No. CV-16-1921-PHX-DGC

10                  Plaintiff,                          **ORDER**

11   v.

12   ME Capital LLC, et al.,

13                  Defendants.

14

15

16          The Court dismissed this case on November 15, 2016.  Doc. 15.  Dismissal was

17   based on Plaintiff's failure to comply with the Court's orders and participate in a case

18   management conference.  Plaintiff has now filed a motion for reconsideration.  Doc. 16.

19   At the Court's request, Defendant ME Capital LLC has filed a response.  Doc. 18.

20          Courts in this district have identified four circumstances where a motion for

21   reconsideration will be granted: (1) the moving party has discovered material differences

22   in fact or law from those presented to the Court at the time of its initial decision, and the

23   party could not previously have known of the factual or legal differences through the

24   exercise of reasonable diligence; (2) material factual events have occurred since the

25   Court's initial decision; (3) there has been a material change in the law since the Court's

26   initial decision; or (4) the moving party makes a convincing showing that the Court failed

27   to consider material facts that were presented to the Court at the time of its initial

28   decision.  *See*, *e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D.

1    581, 586 (D. Ariz. 2003).   Motions for reconsideration are disfavored, and are not the

2    place for parties to make new arguments not raised in their original briefs.  *See Northwest*

3    *Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

4    Nor is it the time to ask the Court to rethink what it has already thought.  *See United*

5    *States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

6           Plaintiff argues that reconsideration should be granted because his failure to

7    participate in the case management conference was due to excusable neglect.  Plaintiff

8    asserts that he had not yet served Defendants, he was seeking permission to serve them

9    by publication, and he "had no reason to believe they would appear in this case or

10   cooperate to file a joint case management report."   Doc. 16 at 4-5.   This plainly is

11   incorrect.  Defense counsel attempted to contact Plaintiff repeatedly, spoke with him by

12   phone, and sent him letters, including attempts to confer about the case management

13   conference.

14          Defense counsel made two calls to Plaintiff on September 26, 2016.  Doc. 9 at 1.

15   Plaintiff returned the calls on September 27, but stated that he was uneasy discussing the

16   case by phone.  Defense counsel suggested an in-person meeting at an agreeable location,

17   and Plaintiff said he wanted to think about it and would call back in an hour.  He never

18   called.  *Id.* at 2.

19          Defense counsel called Plaintiff again on October 3 and 4, leaving messages both

20   times.  Plaintiff called back on October 4, again declined to discuss the case by phone,

21   and also declined to meet in person.  *Id.*  Defense counsel avows that Plaintiff said "[t]he

22   Court cannot require us to meet."  Doc. 18-1 at 3.

23          Defense counsel wrote to Plaintiff on October 5 and included a copy of the Court's

24   order requiring the parties to confer in advance of the case management conference and

25   prepare a joint report, and also requiring Plaintiff to initiate these efforts.  Doc. 18-1 at 7-

26   12.  The letter offered to meet at defense counsel's office "or at any other location that

27   might be more convenient for you."  *Id.* at 7.  The letter was also emailed to Plaintiff.  *Id.*

28   at 6.  Defense counsel made several attempts to contact Plaintiff after this letter, and

- 2 -

1    finally spoke with him by phone on October 20, 2016.  Defense counsel explained that

2    the Court's order required the parties to meet and confer.  Plaintiff declined to meet or

3    assist in preparing for the case management conference.  Defense counsel confirmed this

4    conversation in a letter that was mailed and emailed to Plaintiff.  *Id.* at 18-1 at 14-15.

5         In addition to defense counsel's many efforts to communicate, the Court advised

6    Plaintiff of his need to participate in the case management conference.  The order setting

7    the conference was mailed to Plaintiff by the Clerk on October 12, 2016 (Doc. 10,

8    followed by Court-only entry), and mailed again to Plaintiff by defense counsel (Doc. 18-

9    1 at 7-12).  The order was clear:  "The parties are directed to meet and confer at least 10

10   days before the Case Management Conference."  Doc. 10 at 1.  "[T]he parties shall

11   develop a joint Case Management Report which contains the information called for in

12   section B below."  *Id.*  "The parties shall jointly file the Case Management Report with

13   the Clerk not less than seven days before the Case Management Conference."  *Id.* at 4.

14   "It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of

15   the joint Case Management Report."  *Id.*  "[A]ny party that is not represented by counsel

16   . . . shall appear and participate in the Case Management Conference."  *Id.*

17        Furthermore, when Plaintiff failed to respond to a motion to dismiss filed by

18   Defendants on September 23, 2016, the Court entered an order directing Plaintiff to file a

19   response.  Doc. 11.  The order specifically advised Plaintiff of his duty to become

20   familiar and comply with the relevant rules of procedure.  *Id.* at 1.  The order also

21   contained this warning:  "Plaintiff is further advised that if he fails to prosecute this

22   action, or if he fails to comply with the rules or any Court order, the Court may dismiss

23   the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."

24   *Id.* at 2.

25        Given these communications, orders, and warnings, the Court simply cannot

26   accept Plaintiff's assertion that he "had no reason to believe" he was required to

27   cooperate in preparing for the case management conference or to appear at the

28   conference.  Plaintiff has not shown excusable neglect.

- 3 -

1    Plaintiff also argues that the Court could not exercise jurisdiction in this case
2    because Defendants had not been served.  Doc. 16 at 5-6.  But Plaintiff himself filed a
3    notice stating that service had occurred.  Doc. 7.  Even if Defendants had not been served
4    properly, they stated that they were appearing specially and attempted to work with
5    Plaintiff in preparing for the case management conference.  Parties can participate in
6    litigation without waiving their claim that the Court lacks personal jurisdiction, provided
7    they have raised that issue appropriately and not forfeited it by subsequent conduct.  Fed.
8    R. Civ. P. 12(h).  Defendants preserved the issue by filing a motion to dismiss (Doc. 8),
9    and the Court did not lack jurisdiction to hold a case management conference in the
10   meantime.

11       **IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 16) is **denied**.

12       Dated this 12th day of December, 2016.

_____
David G. Campbell
United States District Judge

- 4 -